Sharanjit JASWAL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 04–70055.
Agency No. A79–417–399.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Phoenix, AZ, David V. Bernal, Margaret Taylor, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Sharanjit Jaswal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the IJ's order as the final agency decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). Reviewing for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), we deny in part and dismiss in part the petition for review.

▮ Substantial evidence supports the IJ's conclusion that any harm the police may have inflicted upon Jaswal was the result of a bona fide police investigation, *see Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir.2004), and the alleged mistreatment he suffered at the hands of the Akali Dal (Badal) party was harassment and not persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (holding that teasing, discrimination and

harassment do not amount to past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (mere threats ordinarily constitute harassment rather than persecution). Further, given that the Akali Dal (Badal) party's interest in Jaswal was based entirely on his leadership position in a local farmers union, Jaswal did not establish it would be unreasonable for him to relocate. *See* 8 C.F.R. § 1208.13(b)(3). Accordingly, Jaswal failed to establish eligibility for asylum. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003).

Because Jaswal failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001).

▮ We decline to consider Jaswal's claim that he is eligible for CAT relief because he failed to raise this issue before the BIA. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) (holding that an applicant's failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust and deprives this court of jurisdiction).

PETITION FOR REVIEW DENIED in part and DISMISSED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.